**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 14-CIV-21115-BLOOM/Valle**

ALEJANDRO RODRIGUEZ,

      Plaintiff,

v.

TARGET CORPORATION,

      Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court upon the Motion for Summary Judgment, ECF No. [12] (the "Motion"), filed by Plaintiff Alejandro Rodriguez ("Plaintiff"). The Court has reviewed the Motion, all supporting and opposing filings and submissions, and the record in the case. For the reasons that follow, Plaintiff's Motion for Summary Judgment is **DENIED**.

## I. PROCEDURAL BACKGROUND

Plaintiff initiated this action on February 26, 2014 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, *Rodriguez v. Target Corp.*, Case No. 14-005164-CA-01. *See* ECF No. [1-2]. On March 27, 2014, Defendant Target Corporation ("Defendant" or "Target") removed the action to this Court. ECF No. [1]. On August 18, 2014, the Court issued a scheduling order which, among other things, set a February 16, 2015 completion deadline for all discovery and a trial date of June 29, 2015. *See* ECF No. [13]. Plaintiff filed the instant Motion on August 7, 2014. Defendant timely responded, ECF No. 14 (the "Response"), and Plaintiff timely replied, ECF No. [16] (the "Reply").

## II. MATERIAL FACTS

Despite the posture of Plaintiff's Motion, the parties agree on only a subset of the facts material to Plaintiff's negligence and personal injury claim.

Plaintiff was a business invitee at a certain Target store in Miami-Dade County on May 25, 2013. Mtn. ¶ 1; Resp. ¶ 1.[1] On that date, Plaintiff suffered a slip due to a liquid substance on the floor of the Target premises. Mtn. ¶ 2; Resp. ¶ 2. The incident was captured on a video, which was produced by Defendant to Plaintiff. Mtn. ¶ 3; Resp. ¶ 3.

At 8:44.39 a.m. on May 25, 2013, Plaintiff, shortly after entering the Target store, walked past the spot where he eventually slipped. Mtn. ¶ 8; Resp. ¶ 8. Approximately three minutes later, at 8:47.40 a.m., an unidentified customer walked past that same location. *Id*. At 8:48.22 a.m., a Target employee, Pedro Martinez, traversed the area where the subject incident occurred. Mtn. ¶ 8; Resp. ¶ 16. Defendant states that Martinez was employed by Target as an Executive Team Leader. Resp. ¶ 13. Martinez, in an affidavit submitted by Defendant, stated that at that time he "was actively observing overall conditions in the Store which included looking for any readily detectable condition on the floor that might potentially present a risk to Target customers and/or employees." ECF No. [14-3] ("Martinez Affidavit") ¶ 5. At 8:48.28 a.m., another Target employee, Luis Escobar, traversed the subject location. Mtn. ¶ 8; Resp. ¶ 17. Defendant states that Escobar was employed by Target as a Team Leader. Resp. ¶. 14. Escobar, in an affidavit submitted by Defendant, also stated that at that time he "was actively observing overall conditions in the Store which included looking for any readily detectable condition on the floor

---

[1] Plaintiff filed a statement of material facts it considers undisputed, *see* Mtn. at 1-3 (the "Statement of Facts"), supported by certain Defendant admissions and other evidence. In its Response, Defendant controverted certain enumerated facts presented in the Statement of Facts, and asserted additional facts it considers undisputed. *See* Resp. at 2-9. Those facts admitted or not controverted by Defendant are deemed admitted to the extent the Court finds the Statement of Facts supported by evidence in the record. *See* S.D. Fla. L. R. Civ. P. 56-1(b). References to paragraphs in the Motion and Response are to Plaintiff's Statement of Facts and Defendant's counter-designation.

that might potentially present a risk to Target customers and/or employees." ECF. No. [14-4] ("Escobar Affidavit") ¶ 6. Plaintiff slipped at 8:49.22 a.m. Mtn. ¶ 5; Resp. ¶ 5.

The parties disagree as to when the liquid substance on which Plaintiff slipped came to reside at its fateful location. Defendant, in a response to Plaintiff's request for admissions, stated as follows:

> REQUEST: Please admit that the two aforementioned employees are responsible for remedying dangerous conditions such as the liquid substance in the floor in which Plaintiff slipped.

> RESPONSE: Admitted that all Target employees, on an ongoing basis, inspect their departments for the purpose of identifying and correcting any conditions that might potentially present a risk to Guests and/or Team Members, as well as for general cleaning purposes. However, no employee can remedy a condition that the employee is not aware of. Target further notes that the Plaintiff himself walked over the same area twice *without detecting the liquid substance* which he claims to have slipped on.

ECF No. [12-1] (emphasis added). Plaintiff construes this as an admission that, when Plaintiff first traversed the area, the liquid was already present. Mtn. ¶¶ 4, 6, 11. Plaintiff further states that the video evidence appears to preclude the possibility that the "dangerous condition" on which Plaintiff slipped could have been created during the roughly one minute between the time when the two Target employees passed the area, and the time when Plaintiff slipped. Mtn. ¶ 10.

Defendant controverts both factual conclusions. Defendant denies that it admitted that the substance was present when Plaintiff first walked by. Resp. 6, 11. It maintains that there is no evidence, at present, as to when the liquid was placed on the floor. Resp. ¶ 11. Defendant notes that several other Target customers are seen in the video walking in the vicinity during the five to six minutes in question prior to Plaintiff's slip. Resp. ¶ 10. Defendant further stresses that the video camera's view of a substantial portion of the aisle where the incident occurred is blocked by shelving. *Id.*

Plaintiff, in his deposition testimony, stated that the liquid was clear and transparent. ECF No. [15-1] at 31:2-8.  He also testified that the he only saw the liquid after he slipped and fell.  *Id.*, at 31:12-16.  Two photos taken on the date of the incident depict a clear liquid substance that Defendant describes as "appear[ing] to blend into the shiny, white tiled floor." Resp. ¶ 22; ECF No. [14-5].

Defendant's employees did not warn Plaintiff of any liquid substance on the floor.  Mtn. ¶ 9.  Defendant admits that, as part of their duties as target employees, Martinez and Escobar were trained to be actively searching for readily observable conditions in their place of employ that may pose a danger to customers or other employees.  Resp. ¶ 15.  Martinez and Escobar both stated that they did not see any debris or liquid substance when they traversed the subject area, and were not aware that there was any liquid substance on the floor prior to the occurrence of the incident.  *See* Martinez Aff. ¶¶ 6-9; Escobar Aff. ¶¶ 7-11.  Neither did they have any knowledge of any other Target employee or customer who was aware of the presence of the liquid substance at the site of Plaintiff's slip.  *See* Martinez Aff. ¶ 10, Escobar Aff. ¶ 11.  Defendant notes that no employee can warn about or remedy a condition as to which the employee is not aware.  Resp.  ¶ 9.

### III. SUMMARY JUDGMENT STANDARD

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The parties may support their positions by citation to the record, including *inter alia*, depositions, documents, affidavits, or declarations.  Fed. R. Civ. P. 56(c).  An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  A fact is material if it

"might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in its favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006); *Howard v. Steris Corp.*, 550 F. App'x 748, 750 (11th Cir. 2013) ("The court must view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor.").

"[T]he court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." *Carlin Commc'n, Inc. v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986); *see also Aurich v. Sanchez*, 2011 WL 5838233, at *1 (S.D. Fla. Nov. 21, 2011) ("If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then the court must not grant summary judgment." (citing *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir. 1993)). In particular, summary judgment is inappropriate where the Court would be required to weigh conflicting renditions of material fact or determine witness credibility. *See Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (noting a court must not weigh conflicting evidence nor make credibility determinations when ruling on a motion for summary judgment); *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."); *Gary v. Modena*, 2006 WL 3741364, at *16 (11th Cir. Dec. 21, 2006) (Rule 56 precludes summary judgment where court would be required to reconcile conflicting testimony or assess witness credibility); *Ramirez v. Nicholas*, 2013 WL 5596114, at *4 (S.D. Fla. Oct. 11,

2013) ("The Court may not make the credibility determinations needed to resolve this conflict; only the jury may do so.").

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 Fed. App'x 819, 825 (11th Cir. 2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in his favor. *Shiver*, 549 F.3d at 1343. But even where an opposing party neglects to submit any alleged material facts in controversy, the court must still be satisfied that all the evidence on the record supports the uncontroverted material facts that the movant has proposed before granting summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

## VI. ANALYSIS

Plaintiff argues that the factual record it presents as undisputed is sufficient to render summary judgment against Defendant on its claim for tortious negligence. Defendant counters that, in the first place, summary judgment is premature at this stage. Defendant further argues, substantively, that several critical questions of fact remain in dispute, precluding summary judgment.

A.      **Summary Judgment Would Be Premature At This Time**

"Where there has not yet been . . . an 'adequate opportunity for discovery,' summary judgment is simply not appropriate or warranted." *Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC*, 2008 WL 4613059, at *2 (S.D. Fla. Oct. 15, 2008) (citing *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.")). Rule 56 "presumes that a party opposing summary judgment has been afforded an opportunity to conduct sufficient discovery so that it might be able to show that there does exist a genuine issue of material fact." *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1287 (S.D. Fla. 2005); *see also Reyes v. AT & T Mobility Servs. LLC*, 759 F. Supp. 2d 1328, 1332 (S.D. Fla. 2010) ("Summary judgment motions are made at the completion of discovery . . . Rule 56 is premised on the assumption a party will have had an 'adequate opportunity to complete discovery prior to consideration of the motion.'" (quoting *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997)). Indeed, the Eleventh Circuit has stated that the "common denominator" among the Supreme Court's three seminal summary judgment opinions – *Celotex*, *Anderson*, and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) – is "the Court's caveat that summary judgment may only be decided upon an adequate record." *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988).

Here, discovery is in its early stages.  As of the date of Plaintiff's Motion, only Plaintiff had been deposed.  None of the Target employees or customers visible in the video of the subject incident have been deposed.  Neither has Plaintiff's wife, who was with him when he suffered his slip and fall.  In addition, based on the conflicting statements of fact presented here, the

parties do not appear to have had sufficient time to analyze the relevant physical evidence. Finally, the Court has set a discovery deadline of February 16, 2015 – a deadline jointly proposed by the parties.  *See* ECF No. [6-1].

Because it is premature, the Court denies Plaintiff's Motion for Summary Judgment.  The Court notes that this denial is without prejudice to the filing of a subsequent motion for summary judgment at a later date and in accordance with all relevant rules and this Court's scheduling order.  *See Rodgers v. Global Prophets, Inc.*, 2009 WL 3288130, at **1-2 (S.D. Fla. Aug. 18, 2009) (denying motion for summary judgment as premature without prejudice to defendants' filing a subsequent motion for summary judgment at a later date, explaining that "[w]ithout the completion, or at least a significant undertaking, of discovery, summary judgment would not be appropriate at this stage of the litigation"); *QBE Ins. Corp. v. Griffin*, 2009 WL 1586599, at *2 (M.D. Ala. June 4, 2009) (holding summary judgment motion premature where filed only twenty-days after amended pleadings were due and six months after suit was filed); *Ferguson v. DeStefano*, 2010 WL 4810825, at **2-3 (S.D. Fla. Sept. 2, 2010) (denying motion for summary judgment as premature where case could potentially require additional forms of required discovery, such as witness depositions).

### B.        Factual Disputes Preclude Summary Judgment

Even if it were proper for the Court to consider Plaintiff's Motion at this juncture, a host of disputed, material facts would preclude summary judgment.

Fla. Stat. § 786.0755 controls Plaintiff's claim for negligence, and provides:

If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.  Constructive knowledge may be proven by circumstantial evidence showing that:

(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

(b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1).  "[T]he mere presence of [liquid] on the floor is not enough to establish constructive notice."  *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. Dist. Ct. App. 2011); *see also Gordon v. Target Corp.*, 2008 WL 2557509, at *4 (S.D. Fla. June 23, 2008) ("The mere fact that one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a floor was slick make the owner liable."); *Garcia v. Target Corp.*, 2014 WL 505151, at *3 (S.D. Fla. Feb. 7, 2014) ("question of fact regarding whether Target knew or should have known about the liquid prior to the accident" precluded summary judgment).  In addition, absent a regular and thus foreseeable condition, an injured invitee cannot establish constructive knowledge if it fails to prove "that the spill existed for such a length of time that [defendant] should have known about it."  *Berard v. Target Corp.*, 559 Fed. App'x 977, 978 (11th Cir. 2014) (citing *Wal-Mart Stores, Inc. v. King*, 592 So.2d 705, 706-07 (Fla. 5th DCA 1991).

Here, at the very least, genuine issues of material fact exist regarding when and how the liquid substance that caused Plaintiff's slip got on the floor, and whether a Target employee knew about or should have seen the liquid on the floor.  Plaintiff has not conclusively established when, in the sequence of undisputed events, the liquid was placed on the floor.  Several theories abound:  the liquid was present when Plaintiff first passed by and when the Target employees, Martinez and Escobar, traversed the area, but no one noticed it; the liquid was placed on the floor at some time after Plaintiff first passed by but before Martinez and Escobar passed by; or the liquid was placed on the floor during that intervening minute.  Neither is the "how" established: if the liquid was not present when Plaintiff first entered the store, perhaps it was placed at the

scene by one of the Target customers seen in the video or by someone outside the video's range of view. Plaintiff has not established that any Target employee knew about the presence of the liquid, or that anyone else informed him about its presence. Neither has he established that the liquid was so conspicuous that Defendant had constructive knowledge of its presence. This is especially poignant considering that the liquid substance was apparently clear and transparent, and that Plaintiff himself did not initially notice any liquid on the floor. In some sense, Plaintiff is asking the Court to make the same factual inferences as he has made regarding when the liquid spilled relative to when the Target employees and he passed by the area. This weighing of evidence is entirely inappropriate at the summary judgment stage.

Clearly, a genuine dispute exists as to whether Defendant had actual or constructive knowledge of the liquid substance. Plaintiff's Motion cannot succeed if he cannot demonstrate that Defendant actually knew about the liquid (for example, if a Target employee spilled the liquid, off view of the video-camera), or that the liquid substance existed at the subject location for such a length of time that Defendant should have known about it.

Finally, the presence of key disputed facts prevents the Court from considering the impact of Florida's comparative negligence laws on Plaintiff's claim. *See* Fla. Stat. § 768.81(3) ("In a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability."). This calls for a factual assessment of comparative fault at the liability stage, not merely as a matter of damages, as Plaintiff suggests. The unresolved issues of when the liquid came to reside on the floor and the liquid's conspicuousness, in light of the fact that Plaintiff initially traversed the area where he eventually fell without noticing any liquid, precludes summary judgment as to either party's relative negligence.

<u>**V. CONCLUSION**</u>

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that Plaintiff Alejandro Rodriguez's Motion for Summary Judgment, ECF No. [12], is **DENIED** without prejudice.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 1st day of October, 2014.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record